IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

The Estate of Alexandra Tomala,
To be administered by
Boguslawa Tomala
individually                                              )
and on behalf of all persons                              )
similarly situated                                        ) CASE NO 17 CV -8530
as class representative under                             )
Illinois Law and/or as                                    )
members of the Collective as permitted                    )
under the Fair Labor Standards Act;                       )
                                                          )
                                    Plaintiff,            )
                                                          )
            vs.                                           )
Patient Innovation Center,  NFP  and                      )
Christopher Gay and Angelica Magana                       )        **JURY TRIAL DEMANDED**
**Named as an Employers under the**
**FLSA and IWPCA**                                        )        **ON ALL COUNTS**
                         Defendants.    )

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES the Plaintiff, Alexandra Tomala, individually and on behalf of all others similarly

situated, as class representative, by and through her undersigned counsel of record, upon

personal knowledge as to those allegations in which she so possesses and upon information and

belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter

"FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" )

Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter

"IWPCA" ) and brings this cause of action against Defendant Patient Innovation Center,  NFP

(Hereinafter referred to as "PIC") and Christopher Gay and Angelica Magana are named as

Employers under FLSA and IWPCA law, and  in so doing states the following:

1

## **NATURE OF THE ACTION**

1.   Plaintiff, the Estate of Alexandra Tomala,  alleges individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, are entitled to be paid at least minimum wage for all hours worked and to receive time and half for all hours worked over forty (40) hours per week.

2.   Plaintiff also brings a claim for overtime claims for off-the-clock work specifically that Plaintiff and other employees were not paid for all work time, which included overtime work, thus Plaintiff, Collective and Class are owed overtime wages.

## **UNPAID 2015 OPEN ENROLLMENT PERIOD CLAIM – FLSA**

## **MINIMUM WAGES AND OVERTIME WAGES OWED**

## **TO PLAINTIFF AND CLASS**

3.   Defendant's failure to pay minimum wage first occurred for the named Plaintiff beginning on October 22, 2015 when Plaintiff began to work for Defendants.

4.   Plaintiff worked for nearly three months, from October 22, 2015 to early in 2016 without receiving her wages in any form, (other than a single check paid 3 months after the work was done), for only two week work, thus Plaintiff is owed minimum wages and overtime wages for the following work weeks: week ending 10/25/15, 11/1/15, 11/8/15, 11/15/15, 11/22/15, 11/29/15, 12/6/15, 12/13/15, 12/20/15, 12/27/15.

5.   Plaintiff is similarly situated to many other employees who also were unpaid in this same time period, October November and December of 2015 and January of 2016, as nearly 100 other

employees were also unpaid for months, and/or received some employees received partial payment of wages months after the work was done.

6.    During this three/four months the Plaintiff and Class were working many overtime hours, as the work being done was assisting persons in insurance registration, during the "open season" under the Americans Care Act (ACA) in which 13 million Americans signed up for health care, some with the assistance of the Plaintiffs and Class.

7.    This work was described by Plaintiff and others as the "2015 Open Enrollment".

8.    Plaintiff's agreed rate of pay was $20.00 per hour for 40 hours and $30.00 per hour for overtime work hours.

## IMWL CLAIMS AND CLASS CLAIMS

9.    Plaintiff also presents Illinois Minimum Wage Law (IMWL) claims both for herself and for her class.

10.   Plaintiff incorporates the above plead facts related to her FLSA claims, as these facts are also reflective and supporting of near mirror image IMWL claims.

11.   The differences for the IMWL claims are that the Plaintiff presents these as Class Action, and the FLSA is presented as a Collective Action.

12.   Further the Class period for the IMWL is three years, without regard for proof of willfulness.

## IWPCA CLAIMS and IWPCA CLASS CLAIMS

13.   Further the Plaintiff presents claims pursuant to the IWPCA, both for herself and for the class of similarly situated employees.

14.   Plaintiff presents IWPCA claims due to the Defendants failures to pay owed wages in a timely manner.

3

15. The IWPCA requires payment to employees every two weeks, and delays in payment are violations of the IWPCA, resulting in required payment of penalties including a 2% per month penalty (as well as payment of fees and costs).

16. Plaintiff's individual and Class claims are seeking for payment of IWPCA penalties including the 2% monthly penalty, regardless of Defendants having made payments to Plaintiff and Class and/or lack of payment.

17. Thus, using the named Plaintiff as an example, Plaintiff received a single payment of two weeks pay during this entire 3 month period of time, but Plaintiff received the payment only after demanding payment and after one to two months delay in payment of the owed wages.

18. Thus when Plaintiff received the single paycheck of 80 hours X $20.00 per hour = or $1,600.00 Plaintiff also was owed and is owed a 2% IWPCA penalty, which for 1 month is $32.00 and two months is $64.00.

19. However more importantly, Plaintiff is owed much larger penalties for the continued failure to pay owed wages. For example Plaintiff worked a full week of work, ending on a Sunday, 11/1/15, thus for Plaintiff's 40 hours of work (not including owed overtime for the same week), for that week, Plaintiff is owed $20 X 40 hours or = $800.00, however, Plaintiff is also owed 2% per month due to Defendants failures to pay the wages in a timely manner. Thus for this single $800.00 owed wage debt, Plaintiff is also owed $16.00 per month ($800 x .02), multiplied by 21 months or $336.00 for the wages not paid in that first full week of work. Plaintiff worked overtime in that week, however, Plaintiff is merely using the 40 hours for example and illustration purposes.

20. Further Plaintiff also was promised to receive a bonus of $1000 before the end of that year.

21. This promise of a $1,000.00 bonus was a separate IWPCA Agreement, in which a Defendant Corporation agent stated Plaintiff would receive $1,000.00 for the good work done in 2015, and that the bonus would be paid out at the end of 2015, but Defendants never made that payment.

22. Lastly Plaintiff also presents a claim of a violation of the Plaintiff's IWPCA wage agreement at the end of her employment.

23. After Plaintiff complained about wage issues, and was fired for those wage complaints, Plaintiff received her final paycheck, and Defendants changed the final paycheck rate of pay from the Agree Rate of Pay of $20.00 per hour to $17.00 per hour.

24. Plaintiff did not agree to a reduced rate of pay, for this final paycheck,

25. In fact Plaintiff was not even asked if she would consider a reduced rate of pay.

26. Further, when Plaintiff learned of the reduced rate of pay, Plaintiff had already performed the work, under the existing IWPCA Agreement that Plaintiff rate of pay was $20.00 per hour.

## OFF THE CLOCK CLAIMS

27. Plaintiff also presents individual claims for Off the Clock claims.

28. Plaintiff discovered shortly before she was terminated for her wage complaints that her time sheets of worked hours and her pay sheets of paid hours did not match.

29. Thus Plaintiff claims that Defendants were reducing her work hours by shaving her work time and/or reducing her paid work hours to be less than the hours actually worked.

## WAGE RETALIATION CLAIMS

30. Further, as an individual, Plaintiff presents a claim of Wage Retaliation, pursuant to the FLSA, the IMWL and the IWPCA.

31. After working for Defendants for 18 months, Plaintiff complained about various wage issues, such as failure to pay the promised $1,000.00 bonus, and/or any wages in October to December 2015.

32. In this letter Plaintiff also complained that she could not review her wage statements, which is also a right pursuit to the IWPCA.

33. This wage complaint was delivered to the Defendants on April 11, 2017.

34. Within days of the letter of wage complaint, the Plaintiff was terminated from her employment from Defendant.

35. This termination was clear wage retaliation, as shown by the lack of any written discipline ever being issued to Plaintiff preceding her termination.

36. This termination was also a clear wage retaliation given the lack of any reason for the termination and the lack of any written notice of termination.

37. This termination was also a clear wage retaliation as shown by the short time period from the complaint and the termination

38. It is alleged that the decision makers for the wage retaliation termination were the named individual Defendants, as they were the owners and managers of the Defendant corporation.

## CLASS AND COLLECTIVE CLAIMS

39. This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA").

40. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid minimum wages and/or unpaid overtime pay.

41.     Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional class action.

42.     Plaintiff, in her class claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

43.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

44.     Defendant's operations exceed sales of $500,000.00.

45.     Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

46.     Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

47. Here Plaintiff and other employees used numerous items that moved in interstate commerce.

48. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA ").

49. The Court is authorized to issue a declaratory judgment.

50. Venue is proper in this Court.

51. Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

52. Plaintiff, Alexandra Tomala, was a resident of the State of Illinois.

53. Plaintiff Alexandra Tomala is deceased and passed away in 2017.

54. This case is filed by the Estate of Alexandra Tomala.

55. The Estate of Alexandra Tomala is held by the sister of the Plaintiff, Boguslawa Tomala.

56. Plaintiff worked as an employee for the Defendant.

57. Plaintiff was paid on an hourly basis and was classified as non-exempt.

## DEFENDANT CORPORATE FACTS

58. Defendant Patient Innovation Center (Hereinafter referred to as "PIC") is a corporation or business which does business in Illinois.

59. PIC is a provider of assistance to customers seeking to register or use insurance.

60.     Defendant PIC employees or has employed hundreds of employees in these customer service positions, similar or duplicate to the named Plaintiff.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     Class Allegations under IMWL and IWPCA

61.     In late 2015 Defendants hired a large number of employees in advance of the "insurance open season".

62.     For approximately 3 months these 50-100 employees worked for the Defendants and were not paid any wages.

63.     During this period, October to December 2015, a number of employees complained about the lack of pay, and some received some wages, but most received insufficient wages to pay all owed work hours.

64.     Thus at least 50 of the Defendant's employees are still owed minimum wages and/or overtime wages from this period.

65.     However, the class is not limited by the title of the Plaintiff, rather is defined by the policy and procedures of the Defendant and those policy and procedures application to many of its employees. Defendants "policy" was that the employees providing assistance during the open season 2015 were unpaid.

66.     Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1., as individual and class action. The Class is defined as all current, former and future employees of PIC subject to failure to pay minimum wages adnor overtime wages during the 2015 open season and beyond.

67.     Plaintiff's IMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the

"Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

68.     Excluded from the Class are PIC legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in PIC; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

69.     **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants.  Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period. The numerosity is also demonstrated by the PIC having 50-100 employees all working during the 2015 open season. It is estimated that there are at least 50 persons in the IMWL Class.

70.     **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members.  The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

a.   whether the Defendants employed Plaintiff and the Class within the meaning of the IMWL.

b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

c. whether the Plaintiff and the Class were paid minimum wages and overtime wages pursuant to the overtime provisions of the IMWL.

d. whether Defendant's engaged in a continuing policy, pattern or practice of failing to pay all wages, minimum wages and overtime wages;

71. **Typicality**:   The claims of Representative Plaintiff are typical of the Class.

72.  **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Class.

73. **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like PIC.

74. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

75. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

76.     The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

77.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

79.     The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**B. The FLSA Collective Action**

80.     Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of PIC who were, are, or will be employed by PIC during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated minimum wages and/or not paid agreed rate of pay for straight time hours and/or one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

81.    FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all hourly employees employed by PIC who were not paid for minimum wages and/or overtime wages.

82.    Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of PIC who have been denied payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.      PIC policies and procedures and Compensation Practices fail to pay proper minimum wages and/or overtime pay**

## FLSA COLLECTIVE FACTS

83.    Plaintiff was employed by PIC as an employee of the Defendant and Plaintiff who work beyond forty hours, but for which Defendants failed to pay overtime due to its policy of not paying employees for the "open enrollment season" and/or for other periods of time.

84.    Plaintiff worked as an hourly non-exempt employee.

13

85.    Plaintiff was paid $20.00 per hour for all hours worked less than 40 hours.

86.    Plaintiff should have been paid $30.00 per hour for all hours over 40 hours.

87.    However, Plaintiff was not paid for all work time, thus Plaintiff was not paid proper and complete overtime wages and/or minimum wages and/or at agreed rate of pay.

88.    Defendant's failure to pay minimum wage first occurred for the named Plaintiff beginning on October 22, 2015 when Plaintiff began to work for Defendants.

89.    Plaintiff worked for nearly three months, from October 22, 2015 to early in 2016 without receiving her wages in any form, (other than a single check paid 3 months after the work was done), for only two week work, thus Plaintiff is owed minimum wages and overtime wages for the following work weeks: week ending 10/25/15, 11/1/15, 11/8/15, 11/15/15, 11/22/15, 11/29/15, 12/6/15, 12/13/15, 12/20/15, 12/27/15.

90.    Plaintiff is similarly situated to many other employees who also were unpaid in this same time period, October November and December of 2015 and January of 2016, as nearly 100 other employees were also unpaid for months, and/or received some employees received partial payment of wages months after the work was done.

91.    During this three/four months the Plaintiff and Class were working many overtime hours, as the work being done was assisting persons in insurance registration, during the "open season" under the Americans Care Act (ACA) in which 13 million Americans signed up for health care, some with the assistance of the Plaintiffs and Class.

92.    This work was described by Plaintiff and others as the "2015 Open Enrollment".

93.    Plaintiff's agreed rate of pay was $20.00 per hour for 40 hours and $30.00 per hour for overtime work hours.

**IWML CLASS CLAIMS**

14

94. Defendant's failure to pay minimum wage first occurred for the named Plaintiff beginning on October 22, 2015 when Plaintiff began to work for Defendants.

95. Plaintiff worked for nearly three months, from October 22, 2015 to early in 2016 without receiving her wages in any form, (other than a single check paid 3 months after the work was done), for only two week work, thus Plaintiff is owed minimum wages and overtime wages for the following work weeks: week ending 10/25/15, 11/1/15, 11/8/15, 11/15/15, 11/22/15, 11/29/15, 12/6/15, 12/13/15, 12/20/15, 12/27/15.

96. Plaintiff is similarly situated to many other employees who also were unpaid in this same time period, October November and December of 2015 and January of 2016, as nearly 100 other employees were also unpaid for months, and/or received some employees received partial payment of wages months after the work was done.

97. During this three/four months the Plaintiff and Class were working many overtime hours, as the work being done was assisting persons in insurance registration, during the "open season" under the Americans Care Act (ACA) in which 13 million Americans signed up for health care, some with the assistance of the Plaintiffs and Class.

98. This work was described by Plaintiff and others as the "2015 Open Enrollment".

99. Plaintiff's agreed rate of pay was $20.00 per hour for 40 hours and $30.00 per hour for overtime work hours.

## IWPCA CLASS CLAIMS

100. Further the Plaintiff presents claims pursuant to the IWPCA, both for herself and for the class of similarly situated employees.

101. Plaintiff presents IWPCA claims due to the Defendants failures to pay owed wages in a timely manner.

102. The IWPCA requires payment to employees every two weeks, and delays in payment are violations of the IWPCA, resulting in required payment of penalties including a 2% per month penalty (as well as payment of fees and costs).

103. Plaintiff's individual and Class claims are seeking for payment of IWPCA penalties including the 2% monthly penalty, regardless of Defendants having made payments to Plaintiff and Class and/or lack of payment.

104. Thus, using the named Plaintiff as an example, Plaintiff received a single payment of two weeks pay during this entire 3 month period of time, but Plaintiff received the payment only after demanding payment and after one to two months delay in payment of the owed wages.

105. Thus when Plaintiff received the single paycheck of 80 hours X $20.00 per hour = or $1,600.00 Plaintiff also was owed and is owed a 2% IWPCA penalty, which for 1 month is $32.00 and two months is $64.00.

106. However more importantly, Plaintiff is owed much larger penalties for the continued failure to pay owed wages. For example Plaintiff worked a full week of work, ending on a Sunday, 11/1/15, thus for Plaintiff's 40 hours of work (not including owed overtime for the same week), for that week, Plaintiff is owed $20 X 40 hours or = $800.00, however, Plaintiff is also owed 2% per month due to Defendants failures to pay the wages in a timely manner. Thus for this single $800.00 owed wage debt, Plaintiff is also owed $16.00 per month ($800 x .02), multiplied by 21 months or $336.00 for the wages not paid in that first full week of work. Plaintiff worked overtime in that week, however, Plaintiff is merely using the 40 hours for example and illustration purposes.

107. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

108. Defendant's consented, were knowledgeable of that they were not paying its employees minimum wages and/or overtime wages.

109. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

110. Plaintiff and the class employees were not paid minimum wages and/or overtime wages.

111. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her <u>regular pay</u> for ALL hours beyond 40.

112. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law.

113. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

### PIC's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

114. PIC required and permitted Plaintiff, the Class, and the FLSA Collective, to work more than 40 hours in a week. PIC did not pay Plaintiff, the Class, and the FLSA Collective the proper overtime rate for all of these overtime hours nor minimum wages for all worked hours.

115. PIC unlawful conduct has been uniform, widespread, repeated and consistent.

116. PIC's willful violations are especially demonstrated by their knowledge that its employees were not paid for all work hours rather paid only "billable" hours and/or did not pay overtime rather forced Plaintiff to take "comp time".

117. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

118. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Class Action Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

119. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

120. Plaintiff is/was an employee of the Defendant pursuant to the IMWL.

121. Plaintiff is/was employed by PIC as an employee.

122. It is and was at all relevant times, a policy of PIC to not pay its employees for any time or partially for months.

123. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

124. As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

125.     Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

**On Behalf of Plaintiff and All Opt-In Employees
Against Defendant PIC
As a Collective Action
(FLSA Claims, 29 U.S.C. § 201 et seq.)**

126.     Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

127.     The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

128.     The Collective claims include all employees which Defendant has failed to pay its employees minimum wage for all hours worked and/or overtime wages for overtime work hours.

129.     At all relevant times, Defendant PIC has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

130.     At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

131.   At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to not pay all work hours.

132.   At all relevant times, the work performed by hourly employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

133.   As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff  and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

134.   As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

135.   The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

136.   Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

137.    Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

138.    Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

139.    At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

140.    At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

141.    Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class, and the FLSA Collective, pray for the following relief:

A.      That, at the earliest possible time, the Plaintiff be allowed to give notice of these class actions, or that the Court issue such notice, to all hourly employees who are presently, or have at any time during the three years preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as who were not paid for minimum wages and/or to not pay overtime.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.      That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to hourly employees whom have been employed by the Defendants which were not paid for minimum wages and/or to not pay overtime, Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

C.      Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D.      Unpaid regular wages, and overtime wages pursuant to the IMWL other state wage laws;

E.      Compensation originating from PIC company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

G.      Certification of this case as a Class action and/or Collective action;

H.      Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

I.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J.      Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

K.      Unpaid wages and liquidated damages pursuant supporting Illinois Department of Labor regulations;

L.      Consequential damages;

M.      and costs of this action; and

N.      Such other relief as this Court shall deem just and proper.

### THIRD CLAIM

**Individual and Class Claims brought under
Under Illinois Wage Payment and Collection Act "IWPCA"**

142.    Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

143.    Plaintiffs are/were employed by Defendant.

144. This Count is brought on behalf of Plaintiff and a proposed class of all current and former hourly and salaried employees who worked at Defendant for the 10 year period before this Complaint was filed.

145. This count arises from PIC's violation of the IWPCA, 820 ILCS § 115/4 and 820 ILCS 115/5.

146. 820 ILCS § 115/4 provides in part that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

147. The PIC failed to pay its employees in accord with this statutory duty as follows:

   a. By paying wages or partial wages months after they were due, without paying the required 2% penalty owed pursuant to the IWPCA.

   b. By not paying ANY wages for years.

148. Upon information and belief, the PIC Payment Schedule has resulted in hundreds of employees receiving hundreds of paychecks more than 13 days after the end of the pay period in which their wages were earned, some received months or even years later, some never received and still owed.

149. As a result of PIC's policy and practice of withholding pay in violation of the law, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IWPCA when the payments are due.

150. 820 ILCS 115/14 provides the Plaintiff with statutory damages of 2% per month for when payments were not made and costs and all reasonable attorney's fees

Wherefore Plaintiff asks the Court enter a finding that

a)  Certification of a class of Plaintiffs defined as "hourly and salaried employees of PIC who worked for Defendant PIC in the state of Illinois at any time during the ten years preceding the filing of this complaint";

b)  A declaratory judgment that PIC has violated the payment provisions of the IWPCA as to the Plaintiff and the Class;

c)  A judgment to Plaintiff and the Class of all statutory and actual damages as provided by IWPCA including prejudgment interest as provided by law and 2% penalty for failure to pay wages in a timely manner;

d)  Judgment to Plaintiff and the Class of reasonable attorney's fees;

e)  Costs incurred in filing this action; and

f)  Such other and further relief as is just and right.

## **FOURTH CLAIM FOR RELIEF**

VIOLATION OF THE FAIR LABOR STANDARDS ACT
– Retaliation Plaintiff Individually for Plaintiff -

151.    Plaintiff realleges and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

152.    This count arises from PIC's violation of the FLSA, 29 U.S.C. § 215, for its discharge of Plaintiff shortly after Plaintiff complained about the Plaintiff and other employees working overtime hours and not receiving overtime pay and or not receiving minimum wage payments.

153.    PIC unlawfully retaliated against Plaintiff for her complaints about the illegal employment practices, including those in violation of the FLSA.

154.    Plaintiff has been damaged as a result of PIC's unlawful termination of her employment.

155.    Under the FLSA, it is unlawful for an employer to retaliate against an employee for exercising his or her legal rights under the FLSA, by asking for payment of overtime and minimum wages.

Wherefore Plaintiff asks for relief as follows:

A.    All owed wages;

B.    Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C.    Unpaid regular wages, and overtime wages pursuant to the IMWL and other state wage laws;

D.    Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

F.    Attorneys' fees and costs of this action; and

G.    Such other relief as this Court shall deem just and proper.

H.    Legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

I.    Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) equitable relief (such as reinstatement) and attorneys' fees. 29 U.S.C. § 216(b).

J.   Punitive damages as set forth at 29 U.S.C. § 216(b) and allows "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] ...."

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF THE FAIR LABOR STANDARDS ACT – PROMPT PAYMENT OF WAGES
### Collective Action – Plaintiff On Behalf Of Plaintiffs And Others Similarly Situated

156.    Plaintiffs reallege and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.


157.    This count arises from PIC's violation of the FLSA, 29 U.S.C. § 201 *et. seq.* for its failure to promptly pay Plaintiff and other similarly situated employees their minimum wages and overtime in a prompt manner.

158.    Under the FLSA, an employer must promptly pay minimum wages due an employee after such wages are earned.

159.    As a result of the PIC's failure to pay owed wages

160.    Pursuant to the PIC Payment Schedule, PIC did not pay Plaintiff and similarly situated employees their wages owed to them on the next regularly scheduled pay period after the period in which the compensation was earned.

161.    The PIC Payment Schedule results in an unnecessary and unreasonable delay in the payment of wages.

162.    The PIC Payment Schedule was not instituted for a legitimate business purpose.

163. To the contrary, it was instituted to allow the delayed payment of wages. However, the cash flow needs of PIC do not warrant the imposition of a delayed payment schedule that violates the law.

164. The PIC Payment Schedule applies to substantially all PIC employee who receive regular paychecks.

WHEREFORE, Plaintiff prays for a judgment against PIC as follows:

A. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former similarly situated employees of PIC during the 3 years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit;

B. A declaratory judgment that PIC has violated the prompt payment provisions of the FLSA 29 U.S.C. § 207 as to the Plaintiff and similarly situated persons who opt into this action;

C. A declaratory judgment that PIC's violations of the FLSA were willful;

D. Liquidated damages in an amount equal to the amount owed at the time of each late payment and interest;

E. Reasonable attorney's fees;

F. Costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

**SIXTH CLAIM FOR RELIEF**

**Plaintiff Termination Claims brought under**

**Under Illinois Wage Payment and Collection Act "IWPCA"**

165.    Plaintiff realleges and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

166.    Plaintiff was an employee of Defendant;

167.    Plaintiff requested payment of wages and payment of wages in a timely manner: rights granted by the  IWPCA;

168.    Plaintiff was discharged and that the discharge was causally related to her asking for just payment of wages in a timely manner.

169.    Plaintiff was damaged as a result of this action.

170.    As a direct and proximate result of Defendant's retaliatory discharge Plaintiff has sustained damages including lost wages, the value of lost employment benefits, emotional distress, pain, suffering and loss of enjoyment of life.

171.    The retaliatory discharge of Plaintiff's employment as a result of her protected activity violates IWPCA.

172.    The IWPCA was amended to allow private right of retaliatory discharge effective January 1, 2011. *See* P.A. 96-1407 (effective 1/1/2011).


A judgment for all owed wages and lost wages;
B. Compensatory and punitive damages:
C. Reasonable attorney's fees;
D. Costs incurred in filing this action; and
E.  Such other and further relief as this Court deems appropriate and just.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: November 27, 2017

Respectfully submitted,

By:          -S-John C. Ireland
             John C. Ireland

Attorney for the Plaintiffs and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
 630-464-9675
Facsimile 630-206-0889       attorneyireland@gmail.com

30